*674 OPINION.
Murdock:
We are concerned in these cases with one question only— the profit which the petitioners received upon liquidation of the corporation known as the George Moser Leather Co. from the shares of stock received from the estate of George Moser, Sr.
Inasmuch as Charles E. Moser received no stock from this estate, we affirm the action of the Commissioner in determining the deficiencies for the years 1920 and 1921, in regard to this taxpayer.
We are not concerned with the profit realized by George J. Moser in connection with the 31⅛ shares of stock which he owned on March 1, 1913.
The Commissioner was in error in determining that the 171⅞ shares of stock owned by George Moser, Sr., at the time of his death were acquired at that time by the five petitioners who ultimately acquired these shares of stock. They acquired these shares of stock on November 3, 1915, and their profit is measured by the difference between the fair market value of the shares of stock on June 30, 1920, when the corporation was dissolved and the liquidating dividend was paid, and the fair market value of the shares on November 3, 1915, the date of the final distribution of the estate of George Moser, Sr. F. W. Matthiessen, Jr., 2 B. T. A. 921. See also F. W. Matthiessen, Jr. v. United States (Court of Claims, 6 Am. Fed. Tax Rep. 7105).
In accordance with the agreement of the parties, the deficiency in the tax of each of these petitioners with respect to the year 1921, as determined by the Commissioner, is affirmed.

Judgment will be entered wider Rule 50.